UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CATO SELLS,            )<br>                                               )<br>            Plaintiff,               )<br>                                               )<br>    vs.                                    )<br>                                               )<br>E.K. McDANIEL, ET AL.,       )<br>                                               )<br>            Defendants.           )<br>_____) | 3:06-CV-00023-LRH (VPC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>November 7, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the Court is plaintiff's motion for a restraining order for the removal of restraints during court proceedings (#72). Defendants opposed (#76) and plaintiff did not reply. Also before the court is plaintiff's motion for a restraining order for removal from HRP status (#75). Defendants opposed (#80) and plaintiff did not reply. The court has thoroughly reviewed the record and the motions and recommends that both of plaintiff's motions (#72 and #75) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff William Cato Sells, a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at the Ely State Prison ("ESP") and is classified as "High Risk Potential" ("HRP") (#1). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Fourteenth Amendment right to due process by classifying him as HRP for over eight years, his Eighth Amendment right against cruel and unusual punishment by continuing to classify him as HRP, and his First Amendment rights by retaliating against him after he exercised his constitutional rights. *Id*. Plaintiff names as

defendants Eldon K. McDaniel, ESP Warden, and Jacqueline Crawford, former NDOC Director.[1] *Id*.

Plaintiff's claim are based on his HRP classification. Plaintiff alleges that in 1998, he received a false notice of charges accusing him of trying to escape from Southern Desert Correctional Center ("SDCC"). *Id*. Plaintiff claims he pled guilty only to avoid what he was told would be a three or four year sentence to disciplinary detention if convicted. *Id*. Plaintiff alleges that although he received only two to six months in disciplinary detention, defendants transferred him to ESP and classified him as HRP without a re-classification hearing. *Id*. He has remained there ever since. *Id*. Plaintiff claims that over the years, various members of the classification committee have recommended that he be re-classified to a lesser security level, but that defendant McDaniel has prevented this because the final re-classification decision is at his sole discretion. *Id*. Plaintiff additionally states that he has been informed that he must remain disciplinary-free for a period of one year to be removed from HRP status, and alleges that guards consistently issue false notices of charges and plant evidence to make plaintiff look like a security risk and prevent his re-classification. *Id*. Finally, plaintiff claims that he is denied access to the hearings in which defendants adjudicate these false charges. *Id*.

HRP is a custody level that is more restrictive than the Condemned Men's Unit ("CMU"), otherwise known as "Death Row" (#45).[2] A classification committee must review a prisoner's

---

[1] Plaintiff originally filed suit in the Seventh Judicial District Court of Nevada on May 20, 2005 (#1). On January 13, 2006 defendants removed to federal court pursuant to 28 U.S.C. § 1441 (#2).

[2] HRP inmates are permitted one hour of exercise five days per week; are fed in their cells; may receive only one phone call per week; have restricted canteen purchases; may shower only three times per week, during which they are restrained; are restrained in wrist and leg restraints and have three officers escorting them with a restraint leash anytime they are removed from their cell; and may have visitors only two times per week behind glass (#36, 1st ROG responses, No. 8). In comparison, Death Row inmates are allowed daily exercise and daily tier time; may receive one phone call per day; have less restrictive canteen purchases; may shower daily on tier time; are unrestrained in the unit but fully restrained when they leave the unit; and are permitted contact visits (#36, 1st ROG responses, No. 9). General population inmates are permitted daily access to the main yard and tier; are fed in the culinary; are allowed ne call per day; are allowed to hold a prison job; have access to the gym and the chapel; are permitted daily showers; are not escorted in restraints; and are permitted visits three days per week and may be specially approved for contact visits (#36, 1st ROG responses, No. 8).

status as HRP on a semi-annual basis and make a recommendation to the warden regarding whether to change the prisoner's classification. *Id*. If the full committee recommends that the inmate be removed from HRP, the recommendation is forwarded to the warden, who has sole discretion to decide whether a prisoner should be re-classified. *Id*.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Preliminary Injunction

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief... .

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Alternatively, the moving party may demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth

1  Circuit has stated that these alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813. A prohibitory injunction preserves the status quo while litigation is pending, while a mandatory injunction provides preliminary relief well beyond maintaining that status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id*. (quoting *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

### 2. Temporary restraining order

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *Brown Jordan Intern., Inc., v. Mind's Eye*, 236 F. Supp.2d 1152, 1154 (D. Haw. 2002). Moreover, it is appropriate to treat a non-*ex parte* motion for a temporary restraining order and preliminary injunction as a motion for a preliminary injunction. *See* 11A Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE CIV. 2d § 2951 (2007) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

### B. Analysis

#### 1. Plaintiff's motion for a restraining order for the removal of restraints during court proceedings (#72)

Plaintiff argues that he is unable to meaningfully participate in court hearings because defendants require that he wear full restraints whenever he is moved outside of his cell, and he requests an injunction requiring defendants to remove all restraints during discovery conferences, depositions, court hearings, and any proceedings requiring plaintiff to access his files (#72). Defendants contend that this court does not have subject matter jurisdiction to consider plaintiff's

4

1  motion because his complaint pertains only to his HRP status, and motions for injunctions must
2  be based upon facts and issues alleged in the underlying complaint (#76). Moreover, defendants
3  note that this issue is already before the court as a result of the March 20 and April 9, 2007
4  hearings; therefore, defendants request that the court either strike or deny plaintiff's motion
5  because it is harassing and cumulative. *Id*.

6  On March 20, 2007, plaintiff orally requested that he be allowed to have one hand free
7  during a discovery status conference (#70). The court ordered defense counsel to contact the
8  prison regarding this request, and informed the parties that it would address any objections at the
9  next hearing. *Id*. On April 9, 2007, the court ordered defendant McDaniel to file a response
10 "concerning the appropriate protocol that will enable the plaintiff, keeping in mind the security
11 concerns of the prison, to manage his legal papers and meaningfully participate in court-ordered
12 telephonic hearings" (#71). On April 16, 2007, defendant McDaniel submitted, *in camera*, a
13 response outlining his security concerns with allowing plaintiff to attend hearings partially
14 unrestrained, and a plan for future hearings to accommodate both the security concerns and the
15 plaintiff's rights (#73; #74, *sealed*). On September 7, 2007, this court ordered that during the
16 September 10, 2007 hearing, because it was a public proceeding without any confidentiality
17 issues, plaintiff was to be placed in the ESP courtroom with appropriate correctional officers
18 present, and be allowed one hand free of restraints (#95).

19 Defendants are correct that the court does not have jurisdiction to hear claims that have
20 not been properly pled. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)
21 (holding that the district court did not err in failing to consider an unpleaded cause of action).
22 More importantly, however, is that this issue was properly settled on September 7, 2007. *See* #95.
23 To the extent that there is any question as to whether the September 7, 2007 order applied only
24 to the September 10, 2007 hearing, the court now clarifies and orders that defendants adhere to
25 the security plan set out in docket number 95 for all future court hearings and proceedings. *Id*.;
26 *see also* #74, *sealed*. The court does not anticipate any future problems with plaintiff's restraints
27 now that defendants' plan is in place. Plaintiff's motion for a restraining order (#72) is denied.
28 ///

**2. Plaintiff's motion for a restraining order for removal from HRP status (#75)**

Plaintiff argues that his HRP classification is "illegal" based on lack of due process protections when he was classified HRP in 1998 and subsequent (#75). Defendants contend that plaintiff's motion raises the same issues this court already heard and decided previously in plaintiff's first motion for a restraining order (#80, *citing* #27).[3]

On November 1, 2006, this court issued a report and recommendation denying plaintiff's motion for temporary restraining order and preliminary injunction seeking an injunction requiring defendants to remove his HRP classification and transfer him to medium or minimum custody (#45). The court concluded that the plaintiff had not presented evidence sufficient to demonstrate that he was likely to succeed on the merits of his claim and that he had failed to demonstrate irreparable injury. *Id.*

Because plaintiff requests the same relief in his latest motion, *see* #75, the court construes plaintiff's current motion as a motion for reconsideration of the court's November 1, 2006 decision. Motions for reconsideration are brought under either Rule 59(e) or 60(b) of the Federal Rule of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Whether the court construes the motion as filed under Rule 59(e) or 60(b) depends upon the timing of the filing. *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion filed within ten days of the judgment or order is considered under Rule 59(e); motions filed later than that are considered under Rule 60(b). *Id.*; *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Plaintiff filed the current motion more than ten days after this court issued its report and recommendation; therefore, the court analyzes plaintiff's motion pursuant to Rule 60(b).

---

[3] Defendants also contend that the court does not have jurisdiction to hear plaintiff's motion based on the fact that plaintiff appealed this court's decision denying plaintiff's first motion for a restraining order. On February 16, 2007, plaintiff filed a notice of appeal and motion for leave to proceed *in forma pauperis* on appeal (#63 and #64). The district court denied plaintiff's motion for leave to proceed *in forma pauperis* on appeal because it found that plaintiff already had three strikes against him pursuant to 28 U.S.C. § 1915(g) based on previous lawsuits dismissed as frivolous (#89). On October 17, 2007, the United States Court of Appeals for the Ninth Circuit dismissed plaintiff's case for failure to pay the docketing/filing fees (#97). Because there is no longer any appeal pending, defendants' argument is moot.

A motion brought pursuant to Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason which would justify relief from the order. Fed.R.Civ.P. 60(b). Motions for reconsideration will not be granted absent "highly unusual circumstances." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff presents defendant McDaniel's recent responses to plaintiff's interrogatory requests and requests for production of documents, as well as an ESP orientation handout (#75, Exhibits 1-3). The court interprets plaintiff's argument to be that his new evidence demonstrates that when he was classified as HRP in 1998, no due process protections existed; therefore, he is illegally classified. *Id*. However, the court need not make such a determination because plaintiff still presents no evidence that his continued classification as HRP will cause "irreparable" injury. The lack of evidence of irreparable injury was one the main grounds upon which the court denied plaintiff's original motion for an injunction (#45). Thus, the court denies plaintiff's motion for reconsideration of it November 1, 2006 report and recommendation (#75).

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the issue of plaintiff's restraints during court hearings and proceedings has been resolved. The court further concludes that plaintiff has not presented new evidence of irreparable injury such that the court can grant his motion for reconsideration of the court's November 1, 2006 report and recommendation denying plaintiff's motion for a preliminary injunction to remove him from HRP status. As such, the court recommends that both of plaintiff's motions for a restraining order (#72 and #75) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the

District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that both of plaintiff's motions for a preliminary injunction (#72 and #75) be **DENIED**.

**DATED:** November 7, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**